COMMERCIAL BANK AT ALMA *v.*
James A. HALES d/b/a JOHNSON-HALES
LIVESTOCK COMMISSION

83-248                                    665 S.W.2d 857

Supreme Court of Arkansas
Opinion delivered February 27, 1984
[Rehearing denied April 9, 1984.]

*Shaw & Ledbetter,* for appellant.

*Daily, West, Core, Coffman & Canfield,* by: *Thomas A. Daily,* for appellee.

RICHARD B. ADKISSON, Chief Justice. The appellant, Commercial Bank at Alma, hereinafter bank, instituted this action against appellee, James A. Hales, hereinafter auctioneer, claiming that he had committed conversion by

selling cattle which were the subject of a security agreement in favor of the bank. The trial court granted a summary judgment in favor of the auctioneer. The bank appeals.

The bank's security interest in the cattle arose as collateral for a loan made to Don Tison, a rancher in Crawford County, Arkansas. The bank had perfected its security interest by filing the necessary papers with the Circuit Clerk of Crawford County.

Unbeknown to the bank, Mr. Tison delivered the cattle to the auctioneer in Oklahoma where they were sold. The net proceeds were then paid to Tison by the auctioneer. Tison then absconded. The bank was unaware of the sale and did not consent to it. Also, the bank did not refile its security agreement in Oklahoma.

Appellant bank argues that the trial court erred in granting summary judgment based on an exception to the common law rule of auctioneer liability. Under common law and in Arkansas, the general rule is that an agent (auctioneer) is liable for conversion when he sells property on behalf of his principal who holds the property subject to a lien with no right to sell the property. The overwhelming majority of jurisdictions are in accord with this rule. See 7 Am. Jur. 2d *Auctions and Auctioneers*, § 69 (1980); Annot., 96 A.L.R. 2d 208 (1964). Arkansas follows the majority view. In *Eureka Springs Sales Company* v. *Ward*, 226 Ark. 424, 290 S.W.2d 434 (1956), the auctioneer was sued by the true owner for selling the stolen cattle; this Court held that by selling the cattle at auction, the auctioneer became liable for conversion. The Court further held that knowledge was not a factor in deciding an auctioneer's liability.

Appellee auctioneer claims an exception to this general rule arises because the Packers & Stockyards Act, 7 U.S.C. § 181 et seq. destroys the voluntariness on the part of the agent which is necessary to hold him liable. The auctioneer further argues that this Act so heavily regulates the area as to cause an auction house to become a utility. The Packers & Stockyards Act was passed to remedy abuses practiced by auction houses against its customers. From a close reading

of the Act and its history, we see no indication of an intention to shield market agencies (auctioneers) from liability on account of wrongful sales. In a similar situation, the Court in *U.S. v. Sommerville,* 211 F.Supp. 843 (W.D. Pa. 1962), found that the Packers & Stockyards Act did not relieve auctioneers of liability for conversion for selling cattle which were covered by a security agreement. This position follows the greater weight of authority. Also see, *Mason City Production Cr. Ass'n v. Sig Ellingson & Co.,* 205 Minn. 537, 286 N.W. 713 (1939); *Birmingham v. Rice Bros.,* 238 Iowa 410, 26 N.W.2d 39 (1947); *Allen Driver Inc. v. Mills,* 199 Md. 420, 86 A.2d 724 (1952); *U.S. v. Matthews,* 244 F.2d 626 (9th Cir. 1957); Annot., 2 A.L.R. 2d 1124 (1948).

Even though the Act provides that auctioneers shall not refuse services on an unreasonable or unjustly discriminatory basis, it does not require the auctioneer to handle stolen livestock or livestock in which the title is defective. Furthermore, an auctioneer may make reasonable requirements that one proposing to deal with him establish identity, ownership, and title to the livestock involved. Therefore, it is our conclusion that the Packers & Stockyards Act does not absolve the appellee auctioneer from liability for wrongful conversion for selling cattle subject to a security interest.

Appellee auctioneer claims that he is a purchaser as defined under Ark. Stat. Ann. § 85-1-201(32), and that by virtue of being a purchaser under the Arkansas Commercial Code he is entitled to the priority granted under Ark. Stat. Ann. §§ 85-9-103(1)(d)(i) and 85-9-301(1)(c) (Supp. 1983). But, in order for the auctioneer to obtain the status of having priority over the bank, he must first qualify as a buyer of farm products in the ordinary course of business under Ark. Stat. Ann. § 85-9-301(1)(c) (Supp. 1983). Therefore, appellee auctioneer must first be a "buyer" which requires a "sale." "Buying" does not include a transaction in which the person claiming to be a "buyer in the ordinary course of business" merely acts as an agent for another, *such as an auctioneer.* See Annot., 87 A.L.R. 3d 11 (1978). An auctioneer is merely a selling agent and cannot claim the

protection given to buyers of farm products in the ordinary course of business.

Accordingly, we conclude the trial court erred in granting summary judgment for the appellee auctioneer. Therefore, we reverse.